**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Daniel MCLAUGHLIN, Defendant—**
**Appellant.**

**No. 03–10476.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Darin LaHood, Esq., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Frances A. Forsman, Esq., FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM [**]

Any error in limiting the cross-examination of government witness Michael Panzek was harmless. The jury was informed of the prior conviction, and Panzek's son had already testified to some of the facts underlying that conviction.[1] Defense counsel was able to argue that Panzek's testimony should not be believed because of his prior false report, and also intro-

---

[**] This disposition is not appropriate for publication and may not be cited to or by the

duced evidence suggesting Panzek was somewhat obsessive about his ex-girlfriend and therefore biased against McLaughlin, who was having a relationship with her. The jury was, therefore, given sufficient information to appraise the bias and motives of the witness. *See United States v. Jackson,* 882 F.2d 1444, 1447 (9th Cir. 1989).

There was also substantial testimony to support Panzek's version of events. The only witness to contradict Panzek's testimony was McLaughlin's girlfriend, who impeached herself because of conflicting stories given to police at the time of McLaughlin's arrest and contradictions between her trial and grand jury testimony.

AFFIRMED.

1. Appellant's Motion to Modify the Record

with the facts underlying the misdemeanor conviction is granted.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.